ATHENS IMPLEMENT & MANUFACTURING COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*February 6—March 6, 1934.*

394

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* of counsel, and oral argument by *Kenneth P. Grubb,* all of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.   We find no question of fact in this case.   The claimant testified:

"I went in there one day (to the premises of the plaintiff company) and he (the manager) told me Koneman had some logs and to go out and get them and I went out. I never saw the man before that."

Upon cross-examination he testified that Mr. Esselman, the manager, gave him the names of a number of people who had logs to haul.   The testimony makes it about as clear as it is possible to be that the applicant was desirous of procuring hauling jobs; that Esselman, in order to aid him, gave him names of farmers who had logs to haul; that the applicant then made arrangements with the farmer owners to haul the logs; that there was a customary price for such service, and that by long and well known custom the hauling charge was deducted from the purchase price of the logs and paid by the seller of the logs; this practice no doubt being followed to prevent a lien claim upon the logs for labor.

There is not a scintilla of evidence in the case that shows or tends to show that the applicant was ever hired by the Athens Implement & Manufacturing Company.   The presumption applied by the trial court has no application because the applicant was never in the service of the Athens Implement & Manufacturing Company and therefore there could be no presumption that he continued in such service.

*By the Court.*—The judgment of the circuit court is reversed, and cause remanded with directions to set aside the award.